UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ROBERT WAYNE HARRIS, Petitioner, v. SAN BERNARDINO, Respondent. | No. 5:20-cv-00315-JVS (JDE) ORDER DISMISSING PETITION |

## I.

## INTRODUCTION

On February 11, 2020, Petitioner Robert Wayne Harris ("Petitioner"), a California state prison inmate, filed a "Petition for a Writ of Habeas Corpus" (Dkt. 1, "Petition" or "Pet.") in the United States District Court for the Eastern District of California ("Eastern District"), referencing an underlying conviction and sentence imposed by the Superior Court of the State of California for the County of San Bernardino in 2019. On February 14, 2020, the Eastern District transferred the Petition to this Court. Dkt. 2, 3.

On February 19, 2020, the assigned magistrate judge issued an order after screening the Petition consistent with the Court's authority under Rule 4

of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Dkt. 5 ("OSC"). The OSC found the Petition suffered from the deficiencies described further below, among others, and ordered Petitioner to, within 30 days, either: (a) file a Notice of Election stating his intent to stand on the Petition; (b) file a First Amended Petition to cure the defects described; or (c) file a Notice of Dismissal. OSC at 1-5. The OSC further provided:

> Petitioner is cautioned that a failure to file a Notice of Election, First Amended Petition, or Notice of Dismissal in compliance with this Order within 30 days of the date of this Order may result in a recommendation that this action be dismissed for the reasons set forth above and for failure to prosecute and failure to comply with a Court order. See Fed. R. Civ. P. 41(b).

OSC at 5-6. Although Petitioner sought and received additional time to file a request to proceed in forma pauperis (Dkt. 6, 7), Petitioner did not otherwise timely comply with the OSC or seek additional time in which to do so.

As a result, as set forth below, the Court dismisses the Petition.

## II.
## THE PETITION

The Petition, prepared on a Judicial Conference of California form, not a federally-approved form, purports to challenge a conviction on February 2, 2019 based on a nolo contendere plea and a sentence imposed on November 8, 2019, states as the sole ground for relief, "I would like a retr[ial] or a reduce[d] sentence," and states as its supporting facts, "I wanted to withdraw my plea. But my counsel would not listen and threaten me saying that she would make sure I would get eleven years." Pet. at 2-3. The Petition reflects that petitioner did not appeal his conviction, did not seek review in the California Supreme Court, and has not filed any other habeas petitions. Pet at 5, 6.

# III.
# DISCUSSION

Under Rule 4 of the Habeas Rules, the Court is required to review the Petition and, if it plainly appears from the Petition and any attached exhibits that Petitioner is not entitled to relief, the Court must dismiss the Petition. Here, it plainly appears that Petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless Petitioner has exhausted the remedies available in state courts or an exception to the exhaustion requirement applies. As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22 (1982). Under 28 U.S.C. § 2254(b)(1), a habeas petition brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." Exhaustion requires that the petitioner's claims be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994); Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979); see also Libberton v. Ryan, 583 F.3d 1147, 1164 (9th Cir. 2009). A claim has not been fairly presented to a state court unless the petitioner has described both the operative facts and the federal legal theory on which the claim is based. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275-78 (1971); Greenway v. Schriro, 653 F.3d 790, 801 (9th Cir. 2011). Petitioner has the burden of demonstrating that he has exhausted his available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam).

Here, the Petition reflects that Petitioner was convicted following a plea of nolo contendere in February 2019 and sentenced in November 2019, but did not appeal his conviction, did not seek review in the California Supreme Court, and did not file any other petitions with respect to the conviction. Pet. at 2, 5-6. Thus, Petitioner has not presented any federal constitutional claims contained in the Petition to the state courts. Petitioner was provided notice of the defect and an opportunity to be heard, but he did not timely respond or seek additional time in which to do so. It thus plainly appears from the face of the Petition none of the claims in the Petition has been exhausted and that the Petition must be dismissed for failure to exhaust state remedies. See Rose 455 U.S. at 518-22; 28 U.S.C. § 2254(b)(1).

## IV.
## ORDER

It is plainly apparent from the face of the Petition that the claims therein have not been exhausted. Petitioner was provided notice of the defect and an opportunity to be heard but did not timely respond or seek additional time in which to do so. As a result, the Court finds the Petition must be dismissed for failure to exhaust the remedies available in state courts.

IT IS THEREFORE ORDERED THAT, under Habeas Rule 4, this action be dismissed without prejudice and judgment be entered accordingly.

Dated: April 07, 2020

_____
JAMES V. SELNA
United States District Judge

Presented By:

_____
JOHN D. EARLY
United States Magistrate Judge